**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| LAREGINALD JONES, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL No. 5:15-CV-13-CAR-MSH |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| JACKSON STATE PRISON, *et al.,* | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff LaReginald Jones, who is currently incarcerated at the Jackson State Prison in Jackson, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**. This does not mean that the filing fee is waived. Plaintiff must still eventually pay the full amount of the $350.00 filing fee using the payment plan described in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

Now, the undersigned must conduct a preliminary screening of the complaint because Plaintiff is a prisoner who "seeks redress from a governmental entity or [an] officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

## STANDARD OF REVIEW

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the complaint in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original) (internal quotation marks omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in support of his claims; the Court must construe these allegations as true for purposes of this preliminary screening.  On January 1, 2015, at Jackson State Prison, Plaintiff and his bunk mate Russell Waylon went to retrieve their medications at "Pill call."    Compl. ¶ V, ECF No. 1.  Upon their return, Waylon discovered that items from his cell had been stolen.  Waylon informed Officer Marriot who locked Plaintiff in his cell while he investigated.  Plaintiff was questioned about the whereabouts of the items by Officer Marriot in the presence of "several gang members."  *Id.*  Plaintiff was then taken upstairs where he was threatened with physical assault by the gang members.  Officer Marriot and the gang members searched a cell belonging to Fabienne McClendon, a friend of Plaintiff.  The stolen items were found in McClendon's cell and Plaintiff was again threatened by the gang members.  Plaintiff returned downstairs in the Prison where he and McClendon were physically assaulted by "12 gang members" in view of Officer Marriot who "took off running."  *Id.*  Plaintiff suffered face lacerations, a busted lip, and a stomach injury.  Plaintiff and McClendon were then transferred from B-House to A-House within the prison.

The same day, Officer Marriot entered A-House and told Plaintiff that he and McClendon had "got[ten] him written up."  *Id.* at 8.  Plaintiff informed Officer Marriot that he feared for his life around him and asked if he could be moved to avoid a repeat assault.  Officer Marriot refused.  Plaintiff was ultimately compelled to leave A-House

because he feared for his life after Officer Marriot told gang members that he stole from the gang.

Plaintiff seeks declaratory and injunctive relief, as well as nominal, compensatory and punitive damages.  Plaintiff further seeks dental replacement of "the jewelry that was on [his] teeth."  *Id.* at ¶ 15.

## DISCUSSION

Plaintiff asserts his claims under 42 U.S.C. § 1983.  To state a § 1983 claim, Plaintiff must allege that a Defendant "acting under color of state law committed an act that deprived [Plaintiff] of some right, privilege, or immunity secured by the Constitution or laws of the United States."  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1985); *accord* 42 U.S.C. § 1983.  Plaintiff asserts a claim of deliberate indifference against the following Defendants: Jackson State Prison; Officer Marriot; Jackson County, Georgia; and Warden Chatman.

The Eighth Amendment requires prison officials to "'take reasonable measures to guarantee the safety of the inmates.'"  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  The Eighth Amendment can give rise to claims based on a prison official's failure "to protect prisoners from violence at the hands of other prisoners."  *Id.*  (quoting *Farmer*, 511 U.S. at 833).  The Eighth Amendment can also "give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs."  *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010) (internal quotation marks omitted).  An Eighth Amendment

claim "requires a two-prong showing: an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official" acted with deliberate indifference. *Id.* at 1304 (internal quotation marks omitted).  In other words, Plaintiff must allege "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Caldwell*, 748 F.3d at 1099 (internal quotation marks omitted).  To show deliberate indifference, Plaintiff must assert that the Defendant "actually (subjectively) knew" that Plaintiff "faced a substantial risk of serious harm" and that the Defendant "disregarded that known risk by failing to respond to it in an (objectively) reasonable manner."  *Id.* (internal quotation marks omitted).

## I.    Warden Chatman

It is apparent from Plaintiff's facts that he named Defendant Warden Chatman because he is the supervisor of the Prison.  Supervisory officials like Chatman "are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Harrsion v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (internal quotation marks omitted).   To state a claim against a supervisory official, Plaintiff must allege that the supervisor "either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation."  *Id.*

Plaintiff does not allege that Chatman participated directly in the conduct he challenges.  Plaintiff also does not allege a causal connection between Chatman's actions and the alleged constitutional violations.  A causal connection "can be established when a

history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).   A causal connection can also be established if a supervisor's policy or custom "results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (internal quotation marks omitted).  Plaintiff did not allege that there was a history of this type of complaint that Chatman knew about but failed to correct; he did not allege that Chatman had a policy or custom that resulted in the deliberate indifference to constitutional rights; and he did not allege that Chatman directed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. Plaintiff's complaint thus fails to state a § 1983 claim against Chatman.   For these reasons, Plaintiff's § 1983 claims against Defendant Warden Chatman must be **DISMISSED**.

## II.     Jackson County

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but is instead only responsible when the "execution of a government's policy or custom ... inflicts the injury." *Grider v. Cook*, -- F. App'x --, 2014 WL 5394556, *5 (11th Cir. 2014) (citation omitted).  To state a claim under § 1983 as against a municipality, a plaintiff must allege that the "execution of a government's policy or custom" inflicted an injury on the plaintiff.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).   Additionally, "there must be a direct causal link between a

6

municipal policy or custom and the alleged constitutional deprivation." *Snow ex rel. Snow v. City of Citronelle, AL*, 420 F.3d 1262, 1271 (11th Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff has failed to allege, much less offer any evidence, that Jackson County had a policy, custom, or practice of officers being deliberately indifferent to the needs of prisoners. The mere naming of the governmental entity as a Defendant, in this case Jackson County, is insufficient to state a claim for municipal liability under § 1983. As such, any claims against Jackson County should be **DISMISSED.**

### III.  Jackson State Prison

Jackson State Prison is a division of the Department of Corrections, which is a Georgia agency. The Eleventh Amendment bars actions by private parties against States and their agencies, including the Georgia Department of Corrections. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989). Thus, all claims against the Jackson State Prison must be **DISMISSED** under 28 U.S.C. § 1915A(b)(2).

### IV.  Officer Marriot

As stated above, to prevail on an Eighth Amendment conditions of confinement claim, Plaintiff must show that he was injured because he is incarcerated under conditions posing a substantial risk of serious harm and that a prison official acted with "deliberate indifference to the inmate's health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal citations and quotations omitted). Thus, "deliberate indifference describes a state of mind more blameworthy than negligence," and requires "more than ordinary lack of due care for prisoner's interests or safety." *Id.* at 835.

At its core, Plaintiff's claim is that Officer Marriot acted with deliberate indifference and that he suffered physical injuries as a result. On the facts alleged in the complaint, Plaintiff's does state a claim for a colorable Eighth Amendment violation. As such, the claims against Defendant Marriot will be allowed to proceed.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

It is hereby **ORDERED** that service be made on Defendant Officer Marriot. The Defendant shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence

9

filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is

contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.

Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## **PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED and RECOMMENDED this 12th day of February, 2015.


/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE