IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAREGINALD JONES, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:15-CV-13-CAR-MSH |
| | : 42 U.S.C. § 1983 |
| OFFICER MARRIOT,[1] | : |
| | : |
| Defendant. | : |

## REPORT & RECOMMENDATION

Presently pending before the Court are the parties' cross motions for judgment on the pleadings (ECF Nos. 20, 24). For the reasons explained below, it is recommended that Defendant Merritt's motion be granted. The Court construes Plaintiff's motion for judgment on the pleadings as a response to Defendant's motion, and such motion is terminated.

## BACKGROUND

Plaintiff makes the following allegations in his Complaint: On January 1, 2015, at Jackson State Prison, Plaintiff and his bunk mate Russell Waylon went to retrieve their medications at "Pill call." Compl. 6, ECF No. 1. Upon their return, Waylon discovered that items from his cell had been stolen. Waylon informed Officer Jarvis Merritt of the theft, who locked Plaintiff in his cell while he investigated. Plaintiff was questioned about the whereabouts of the items by Officer Merritt in the presence of "several gang

---

[1] The docket incorrectly lists Defendant Jarvis Merritt as "Officer Marriot." The clerk is directed to correct Defendant's name on CM/ECF to "Jarvis Merritt."

members." *Id.* Plaintiff was then taken upstairs where he was threatened with physical assault by the gang members. Officer Merritt and the gang members searched a cell belonging to Fabienne McClendon, a friend of Plaintiff. The stolen items were found in McClendon's cell and Plaintiff was again threatened by the gang members. Plaintiff returned downstairs in the prison where he and McClendon were physically assaulted by "12 gang members" in view of Officer Merritt who "took off running." *Id.* Plaintiff suffered face lacerations, a busted lip, and a stomach injury. Plaintiff and McClendon were then transferred from B-House to A-House within the prison.

The same day, Officer Merritt entered A-House and told Plaintiff that he and McClendon had "got[ten] him written up." *Id.* at 8. Plaintiff informed Officer Merritt that he feared for his life and asked if he could be moved in order to avoid a repeat assault. Officer Merritt refused. Plaintiff ultimately left A-House because he feared for his life after Officer Merritt told gang members that he stole from the gang. Compl. 8-9.

On January 12, 2015, Plaintiff filed a complaint against Defendant Merritt, Jackson State Prison, Jackson County, and Warden Chatman for deliberate indifference and seeking declaratory and injunctive relief, as well as nominal, compensatory, and punitive damages. After a preliminary review of his Complaint, the Court allowed only Plaintiff's claims against Defendant Merritt for deliberate indifference to proceed. The remaining claims, against Jackson State Prison, Jackson County, and Warden Chatman, were dismissed. Order 5-8, Feb. 12, 2015, ECF No. 7. Defendant Merritt filed his Answer to the Complaint on September 17, 2015. (ECF No. 18.) On October 13, 2015, Defendant Merritt filed a motion for judgment on the pleadings, claiming that Plaintiff

failed to exhaust his administrative remedies. (ECF No. 20.) On November 6, 2015, Plaintiff filed his own motion for judgment on the pleadings wherein he requests that the Court find that he did properly exhaust and deny Defendant's motion for judgment on the pleadings. (ECF No. 24.) The Court construes this motion as a response in opposition to Defendant's motion. Plaintiff's motion for judgment on the pleadings is therefore terminated. Defendant's motion for judgment on the pleadings is ripe for review.

## DISCUSSION

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the

3

court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendant Merritt moves to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections ("GDOC") has a grievance procedure which applies to all inmates, but that Plaintiff failed to utilize this procedure regarding the claim against Defendant Merritt. Br. in Supp. of Def.'s Mot. for J. on the Pleadings 2-4, ECF No. 20-1. Plaintiff responds that he spoke to three counselors and "check[ed] emergency on the [grievance] that exempt a lot of remedies when filed under emergency." Pl.'s Memo. in Supp. of Pl.'s Mot. for J. on the Pleadings 1, ECF No. 24-1. Thus, Plaintiff contends he exhausted his administrative remedies. *Id.* Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Court

4

makes the following factual findings and determines that Defendants have met their burden regarding Plaintiff's failure to exhaust.

Defendants provided the GDOC's Standard Operating Procedures (SOPs) regarding grievances which apply to Jackson State Prison. Reid Aff. ¶¶ 3-5 & Ex. 1, ECF No. 20-2. The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance; and (2) file an appeal to the Central Office. *Id.* ¶ 10 & Ex. 1 at 6-12. Except for a limited number of non-grievable issues, an inmate "may file a grievance about any condition, policy, procedure, or action or lack thereof that affects the offender personally. *Id.* ¶ 8, Ex. 1 at 5.

Defendant shows that Plaintiff filed one grievance while incarcerated. Reid Aff. ¶ 20 & Ex. 2. This grievance was filed against Wheeler Correctional Facility on May 3, 2015. *Id.* Plaintiff did not file any grievance concerning his claims against Defendant Merritt or while at Jackson. *Id.* ¶ 21 & Ex. 2. Plaintiff has not responded to Defendant's evidence or presented any contradictory evidence to show that he filed either an emergency or original grievance while at Jackson State Prison.[2] *See generally* Pl.'s Memo. in Supp. 1. Plaintiff thus failed to exhaust his administrative remedies. *See, e.g., Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the

---

[2] The Court also notes that Plaintiff's claim arises from an incident that occurred on January 1, 2015. Compl. 6. Plaintiff filed his Complaint on January 12, 2015. It would have been impossible for Plaintiff to have fully exhausted a grievance during this limited period of time unless Plaintiff pursued an emergency grievance.

applicable procedural rules[.]"). It is recommended that Defendant's motion to dismiss be granted the claim against him be dismissed for failure to exhaust.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant Merritt's motion for judgment on the pleadings (ECF No. 20) be granted. Petitioner's motion for judgment on the pleadings (ECF No. 24) is construed as a response and is terminated. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 25th day of July, 2016.

    S/ Stephen Hyles\
    UNITED STATES MAGISTRATE JUDGE